NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 14 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DEANNE LYNN DALY,

Plaintiff - Appellant,

v.

FRANK BISIGNANO, Commissioner of
Social Security,

Defendant - Appellee.

No. 24-4888

D.C. No.
3:23-cv-00310-CSD

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Craig S. Denney, Magistrate Judge, Presiding

Argued and Submitted October 22, 2025
San Francisco, California

Before: CLIFTON, OWENS, and BUMATAY, Circuit Judges.

Claimant Deanne Lynn Daly appeals from the district court's order

affirming the administrative law judge's (ALJ) denial of Social Security Disability

Insurance Benefits based upon her fibromyalgia and its co-morbid effects on her

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

other ailments.[1] We review de novo the district court's decision affirming the Social Security Commissioner's denial of disability benefits and review the ALJ's denial of benefits for substantial evidence or legal error. *See Farlow v. Kijakazi*, 53 F.4th 485, 487 (9th Cir. 2022) (citation omitted). We affirm.

Daly's principal arguments in this appeal relate to the pain and fatigue caused by her fibromyalgia. She asserts (1) that the ALJ impermissibly discounted her symptom testimony; (2) that he failed to properly consider whether her fibromyalgia was medically equivalent to Listing 14.09 when viewed in combination with her other impairments; and (3) that the ALJ's purported errors infected the Residual Functional Capacity (RFC) and resultant Step Five finding that she could perform other work.

1.      Because Daly's fibromyalgia is a medically determinable impairment which causes pain, and because there is no evidence of malingering, the ALJ needed to offer "specific, clear and convincing reasons" to discount Daly's symptom testimony. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (citation omitted). The ALJ met that standard here by citing specific documents from the record which illustrate Daly offered inconsistent testimony and was able to perform daily routines that are incongruous with the degree of impairment she asserts. Internally contradictory testimony and inconsistent daily activities are

---

[1] Because the record and prior proceedings are known to the parties, we do not recite them at length here.

well-established reasons for an ALJ to discount subjective symptom testimony. *See Light v. Soc. Sec. Admin.,* 119 F.3d 789, 792 (9th Cir. 1997); *Lingenfelter*, 504 F.3d at 1040.

Daly argues that the ALJ "cherry-picked" the evidence by elevating certain facts and discounting others, but this does not undermine the ALJ's determinations because "where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (internal quotation omitted).

Nor did the ALJ improperly demand objective medical evidence to substantiate Daly's symptom testimony. The ALJ's opinion reflected his correct understanding that fibromyalgia can present "without objective correlation." It was permissible for the ALJ to note that Daly lacked objective medical evidence to support many of her claims, because he offered additional legitimate reasons for discounting her symptom testimony and did not rely on the lack of substantiating objective evidence alone. *See* SSR 16-3P, 2017 WL 5180304 at *5 (Oct. 25, 2017); *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022).

2.  Daly has forfeited the argument that her fibromyalgia in combination with other impairments equals a listed impairment by failing to adequately raise it before the district court. To show error in an ALJ's Step Three finding, a claimant bears the burden to "specify which listing she believes she meets or equals," and

then "set forth [ ] evidence which would support the diagnosis and findings of a listed impairment." *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005). Daly did not set forth such evidence in her opening brief to the district court and thus may not challenge the ALJ's Step Three findings on appeal.

3.      Daly's objections to the ALJ's calculation of her RFC and resulting Step Five analysis are cumulative of her other challenges and fail for the same reasons.

**AFFIRMED.**